ORIGINAL

# In the United States Court of Federal Claims

No. 16-1673C
(Filed: January 25, 2017)

FILED
JAN 2 5 2017
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * *
```
CHARLES EDWARD ARTIS,

      *Plaintiff*,

v.

THE UNITED STATES,

      *Defendant*.
```
* * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiff, appearing *pro se*, filed a handwritten complaint in this court on December 20, 2016. Defendant has not yet responded to the complaint, but we need not wait for an answer because it is apparent we lack subject-matter jurisdiction over the allegations contained in the complaint.

Although the complaint was filed by a *pro se* plaintiff and is thus held to "less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), that cannot excuse jurisdictional defects that appear on the face of the pleadings. Pursuant to rule 12(h)(3) of the Rules of the United States Court of Federal Claims, if we determine that we have no jurisdiction over this matter, the case must be dismissed. This court's general jurisdiction is provided by the Tucker Act, under which the plaintiff must allege that there is constitutional, statutory, or regulatory provision that directs that he is presently owed some amount of money or that he has contract with the government under which he is owed payment by the federal government. 28 U.S.C. § 1491(a)(1) (2012).

Plaintiff alleges that he was not promoted to be a cashier by his private employer on the basis of discrimination and that he resigned after seven years because he was overworked. He seeks unemployment benefits for which he applied at the Office of Unemployment Compensation in the Department of

Employment Services within the District of Columbia after his resignation from his job. It is apparent that his complaint is with the District of Columbia's Department of Employment Services. We lack jurisdiction over these allegations for two reasons.

First, plaintiff has failed to demonstrate that his claim is against the United States. He appears to disagree with a District of Columbia administrative law judge's decision not to grant him unemployment benefits. We do not review the administrative processes of any state nor the District of Columbia. *See Betts v. United States*, No. 16-50, 2016 U.S. Claims LEXIS 137, at *2 (Fed. Cl. Feb. 29, 2016) (holding that review of a state administrative body's decision not to award benefits belongs in the state courts). Second, this court does not entertain claims of discrimination based on race, gender, handicap or age as such cases are exclusively within the jurisdiction of the federal district courts. See *Brown v. General Services Administration*, 425 U.S. 820 (1976) (Civil Rights Act of 1964 provides exclusive remedy for federal employment discrimination and requires suit in federal district courts.)

For good cause shown, we grant the motion to proceed *in forma pauperis*. Nevertheless, because plaintiff has not alleged a claim against the United States, we lack subject-matter jurisdiction over plaintiff's complaint. Accordingly, the Clerk of Court is ordered to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge